UNITED STATES DISTRICT COURT
MIDDLE DISTRICT OF FLORIDA
TAMPA DIVISION

VICTORIA L. DELAVAN,

    Plaintiff,

v.                                         CASE No. 8:07-CV-729-T-TGW

MICHAEL J. ASTRUE,
Commissioner of Social Security,

    Defendant.
_____

## ORDER

The plaintiff in this case seeks judicial review of the denial of her claim for Social Security disability benefits.[1] Because the decision of the Commissioner of Social Security is supported by substantial evidence and does not contain reversible error, the decision will be affirmed.

I.

The plaintiff, who was fifty years old at the time her insured status expired and who has a ninth grade education (Tr. 45, 70), has worked

---

[1] The parties have consented in this case to the exercise of jurisdiction by a United States Magistrate Judge (Doc. 12).

primarily as a housekeeper and a packer (Tr. 64). She filed a claim for Social Security disability benefits, alleging that she became disabled due to numerous abdominal surgeries and scar tissues (Tr. 63).[2] The claim was denied initially and upon reconsideration.

The plaintiff, at her request, then received a de novo hearing before an administrative law judge. The law judge pointed out that the plaintiff was last insured for disability benefits on December 31, 2003 (Tr. 15). He found, as of that date, that the plaintiff had medically determinable impairments of obesity, diabetes mellitus, hypertension, stomach pain secondary to adhesions and previous surgeries, anxiety, and depression (Tr. 17). He concluded, however, that these impairments were not severe, and that the plaintiff was therefore not disabled (Tr. 21). The Appeals Council let the decision of the law judge stand as the final decision of the Commissioner.

II.

In order to be entitled to Social Security disability benefits, a claimant must be unable "to engage in any substantial gainful activity by

---

[2] Contrary to the plaintiff's memorandum, this case does not contain a claim for supplemental security income.

reason of any medically determinable physical or mental impairment which ... has lasted or can be expected to last for a continuous period of not less than twelve months." 42 U.S.C. 423(d)(1)(A). A "physical or mental impairment," under the terms of the Act, is one "that results from anatomical, physiological, or psychological abnormalities which are demonstrable by medically acceptable clinical and laboratory diagnostic techniques." 42 U.S.C. 423(d)(3). In this case, in order to receive disability benefits, the plaintiff must show that she became disabled before her insured status expired on December 31, 2003. 42 U.S.C. 423(c)(1); Demandre v. Califano, 591 F.2d 1088, 1090 (5th Cir. 1979), cert. denied, 444 U.S. 952.

A determination by the Commissioner that a claimant is not disabled must be upheld if it is supported by substantial evidence. 42 U.S.C. 405(g). Substantial evidence is "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion." Richardson v. Perales, 402 U.S. 389, 401 (1971), quoting Consolidated Edison Co. v. NLRB, 305 U.S. 197, 229 (1938). Under the substantial evidence test, "findings of fact made by administrative agencies ... may be reversed ... only when the record compels a reversal; the mere fact that the record may support a contrary

conclusion is not enough to justify a reversal of the administrative findings." Adefemi v. Ashcroft, 386 F.3d 1022, 1027 (11th Cir. 2004)(en banc), cert. denied, 544 U.S. 1035 (2005).

It is, moreover, the function of the Commissioner, and not the courts, to resolve conflicts in the evidence and to assess the credibility of the witnesses. Grant v. Richardson, 445 F.2d 656 (5th Cir. 1971). Similarly, it is the responsibility of the Commissioner to draw inferences from the evidence, and those inferences are not to be overturned if they are supported by substantial evidence. Celebrezze v. O'Brient, 323 F.2d 989, 990 (5th Cir. 1963).

Therefore, in determining whether the Commissioner's decision is supported by substantial evidence, the court is not to reweigh the evidence, but is limited to determining whether the record as a whole contains sufficient evidence to permit a reasonable mind to conclude that the claimant is not disabled. However, the court, in its review, must satisfy itself that the proper legal standards were applied and legal requirements were met. Lamb v. Bowen, 847 F.2d 698, 701 (11th Cir. 1988).

III.

The plaintiff was last insured for disability benefits on December 31, 2003. Accordingly, the plaintiff has the burden to establish that she was disabled by that date. The law judge not only found that the plaintiff was not disabled on, or before, December 31, 2003, but that she did not suffer from a severe impairment by that date.

The term "severe impairment," as used in the regulations is something of a misnomer. The regulations could more aptly use the term "significant impairment." Thus, the regulations define a non-severe impairment as one that "does not significantly limit [the claimant's] physical or mental ability to do basic work activities." 20 C.F.R. 404.1521(a). Accordingly, the court of appeals has stated that "[a]n impairment can be considered as 'not severe' only if it is a slight abnormality which has such a minimal effect on the individual that it would not be expected to interfere with the individual's ability to work, irrespective of age, education, or work experience." Brady v. Heckler, 724 F.2d 914, 920 (11th Cir. 1984). The law judge expressly acknowledged this standard (Tr. 16).

The issue of whether the plaintiff has a severe impairment arises in step two of the Commissioner's sequential analysis and is thus something of a threshold inquiry. The threshold, however, becomes higher where, as here, there is a question whether the plaintiff can show that her impairment was severe for at least twelve months. Thus, at step two a claimant, in order to proceed further in the sequential analysis, must show not only that she has a severe impairment but that her impairment meets the durational requirement of a continuous period of at least twelve months. 20 C.F.R. 404.1509, 404.1520(a)(4)(ii).

The plaintiff contends, first, that the law judge's finding that her impairments were not severe is not supported by substantial evidence (Doc. 18, p. 7). This contention was not properly developed and will be rejected for that reason.

In this case, a Scheduling Order was entered which stated that "any ... discrete challenges must be supported by citations to the record of the pertinent facts and by citations of the governing legal standards" (Doc. 11, p. 2). The Order warned that "[a]ny contention for which these requirements are not met is subject to being disregarded for insufficient development" (id.).

The plaintiff's argument on this issue is totally devoid of any citation to the record (see Doc. 18, pp. 7-10). Moreover, the only mention on this issue of the plaintiff's impairments is in one sentence: "It is inconceivable that given all of the Plaintiff's medical conditions including non-insulin dependent diabetes mellitus, hypertension, obesity, abdominal pain, anxiety, and depression, the Plaintiff could perform unlimited types of work" (id., p. 9). This sentence plainly does not establish that the evidence compels a finding that on, or before, December 31, 2003, the plaintiff had a severe impairment, or a severe combination of impairments, that lasted for a continuous period of at least twelve months. The plaintiff's failure to even attempt to make such a showing warrants rejection of the contention for insufficient development.

In all events, the evidence in the record permitted the law judge reasonably to find that on, or before, December 31, 2003, the plaintiff did not have a severe impairment that lasted at least twelve months. The law judge succinctly summarized the relevant evidence as follows (Tr. 18-19):

> The medical evidence of record reveals that the
> claimant has a history of obesity, with a height of
> 69 inches and a weight as high as 265 pounds. She

also has a history of hypertension and non-insulin dependent DM, both controlled with medications. The claimant also has a history of multiple pelvic and abdominal surgeries. In October 2002, she underwent an exploratory laparotomy that revealed extensive pelvic adhesions, but no pelvic mass. Subsequently, the adhesions were lysed and a partial small bowel resection was performed. In late 2002 and 2003, follow-up records from the claimant's treating physicians revealed that the claimant had healed well from the procedure, with complaints related only to hemorrhoids and a superficial skin infection (Exhibits 1F and 2F). On May 12, 2003, physical examination was essentially normal, except for allergy-related upper respiratory changes. Chest and sinus x-rays were normal. The claimant was treated with Allegra and Maxair. At follow-up in August 2003, physical examination findings remained similar and she was treated with Depo-Medrol. On November 28, 2003, the claimant presented to her internist with complaints of "tightness" in her legs. However, notations revealed that carotid Doppler studies, an abdominal sonogram, and ABI testing were all normal. Physical examination was essentially normal, except for a weight of 265 pounds. The claimant had excellent posterior tibial pulses (Exhibit 7F).

Notably, other than a passing mention of a problem of "pulling down into the leg" (Tr. 322), the only condition that the plaintiff testified to at the hearing related to her abdomen (Tr. 319-23). As the law judge pointed

out, the plaintiff had surgery for that problem in 2002 (Tr. 18). At that point, the condition, in all likelihood, rose to the level of a severe impairment. However, the law judge also noted that records showed that the plaintiff healed well from that procedure by late 2002 and 2003 (Tr. 18-19). Consequently, the law judge could reasonably find that the plaintiff did not have a severe abdominal impairment for a continuous period of twelve months prior to December 31, 2003.

The absence of evidence of a severe impairment for a continuous period of twelve months prior to December 31, 2003, most likely explains the plaintiff's failure to develop properly an argument on that issue. Accordingly, this contention is rejected for lack of development and lack of merit.

The plaintiff's other contention is based upon an opinion by Dr. Charles S. Tullis, a treating physician. Dr. Tullis opined in June 2006 that the plaintiff, as of 2002, was limited to four hours of sitting per eight-hour work day, with no more than two hours at a time; to one hour of standing per work day, with no more than thirty minutes at a time; to thirty minutes of walking per work day, with no more than fifteen minutes at a time; to lifting up to ten

pounds only occasionally; and to staying in a recliner (Tr. 303-05). The law judge considered the treating doctor's opinion but discounted it on the ground that it was inconsistent with his own treatment notes and laboratory techniques (Tr. 19).

Significantly, the plaintiff on this issue does not challenge the law judge's decision to discount Dr. Tullis's opinion, but rather argues that the law judge should have recontacted Dr. Tullis to determine whether there was support for his opinion. It is understandable that the plaintiff did not challenge the discounting of Dr. Tullis's opinion since such a challenge would lack merit.

Opinions from treating physicians are entitled to substantial or considerable weight unless there is good cause for not affording them such weight. Phillips v. Barnhart, 357 F.3d 1232, 1240 (11th Cir. 2004). Good cause exists when the treating physician's opinion is not bolstered by the evidence, the evidence supports a contrary finding, or when the opinion is conclusory or inconsistent with the physician's own medical records. Lewis v. Callahan, 125 F.3d 1436, 1440 (11th Cir. 1997).

Dr. Tullis's opinion was clearly conclusory since it consisted of merely filling out a form and lacked any meaningful explanation for the functional limitations. Further, the opinion was rendered in June 2006 – two and one-half years after the plaintiff's insured status expired – and purported to relate back more than one year before that. In addition, it was not supported by the physician's treatment notes. As the Commissioner points out, the record contained very few treatment notes from Dr. Tullis dated before December 31, 2003 (Doc. 19, p. 8). Moreover, in 2004, the doctor opined that the plaintiff was bothered by only intermittent abdominal pain, relieved by Prilosec (Tr. 162). During other visits that year to Dr. Tullis, no complaints of abdominal pain were recorded (Tr. 165, 166, 167, 168). The doctor also noted that an ultrasound performed on the plaintiff's abdomen in 2003 was negative (Tr. 180).

These circumstances show not only that there would be no basis for challenging the law judge's determination to discount Dr. Tullis's opinion, but also that there is no merit to the contention that the law judge committed reversible error because he did not recontact Dr. Tullis. On this issue, the regulations provide (20 C.F.R. 404.1512(e)):

> (e) Recontacting medical sources. When the evidence we receive from your treating physician ... is inadequate for us to determine whether you are disabled, we will need additional information to reach a determination or a decision.
>
> (1) ... We will seek additional evidence or clarification from your medical source when the report from your medical source contains a conflict or ambiguity that must be resolved, the report does not contain all the necessary information, or does not appear to be based on medically acceptable clinical and laboratory diagnostic techniques.

Under this regulation, the basic principle for recontacting the physician is that the evidence received is inadequate for a disability determination. Generally, it is only necessary to recontact a physician if there are gaps in the record. See Gallina v. Commissioner of Social Security, 2006 WL 3028228 (11th Cir. 2006)(unpub. dec.); Johnson v. Barnhart, 2005 WL 1414406 (11th Cir 2005) (unpub. dec.). The law judge here obviously did not think that the record was inadequate for him to make a ruling. There is nothing in the law judge's decision that suggests that he wished he had more information before deciding the case. Moreover, this is not a situation where the doctor's views are unclear. Rather, the opinion was rejected because it was unsubstantiated by the record and the doctor's own notes.

The plaintiff appears to speculate that, if Dr. Tullis were recontacted, he might have some information to add (Doc. 18, pp. 11-12). Such speculation does not warrant a reversal and a remand.

Moreover, it is noted that the opinion was submitted through the plaintiff's representative (Tr. 306). The doctor's evaluation, on its face, appears subject to being discounted as conclusory, as many like it have been previously. Accordingly, the plaintiff's representative, at that point, could have recontacted Dr. Tullis in order to get an opinion that was more substantial. Consequently, any blame for the failure to recontact Dr. Tullis cannot fairly be transferred to the law judge.

IV.

For the foregoing reasons, the decision of the Commissioner is supported by substantial evidence and does not contain any reversible error. It is, therefore, upon consideration

ORDERED:

That the decision of the Commissioner is hereby AFFIRMED.

The Clerk shall enter judgment in accordance with this Order and CLOSE the case.

DONE and ORDERED at Tampa, Florida, this 21st day of July, 2008.

THOMAS G. WILSON
UNITED STATES MAGISTRATE JUDGE